IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NOAH WRIGHT**                                                                                        **PLAINTIFF**
**ADC #117292**

v.                              Case No. 4:25-cv-00164-LPR-BBM

**LACONYA HARRIS, et al.**                                                                  **DEFENDANTS**

## ORDER

      The Court has received the Partial Recommended Disposition (PRD) submitted by United States Magistrate Judge Benecia B. Moore (Doc. 16). No objections have been filed, and the time for doing so has expired. After a *de novo* review of the PRD, along with careful consideration of the entire case record, the Court hereby approves and adopts the PRD as its findings and conclusions in all respects, except as follows.

      First, the Court is not taking a position on whether a one-time cell search could be an adverse action for purposes of a retaliation claim. The lack of fact allegations concerning a causal connection between the grievance and the cell-search is enough to screen out the retaliation claim(s). Second, the Court disagrees with the PRD's assessment that the Plaintiff has stated a viable cause of action against Wellpath (or viable official capacity claims against any Wellpath employees) as to the MRI issue. The only relevant part of Plaintiff's Complaint says that: "Wellpath and other defendants created a policy and custom[] under which the unconstitutional practices occurred and allowed the continuance of policies, practices, and customs to save the company money."[1] This statement is the very quintessence of a legal conclusion. The Court need

---

[1] Am. Compl. (Doc. 12) at 6.

not and should not accept such conclusory allegations even at the motion-to-dismiss stage.[2] With no other relevant allegations, it is sheer speculation to assume that Seamster's decision to not order an MRI was based on a company practice, policy, or custom. Third, the Court's conclusions with respect to the surviving individual-capacity claim against Seamster are highly tentative and a strong motion to dismiss might change the Court's mind.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff may proceed with his medical-deliberate-indifference claim against APN Seamster in his individual capacity for refusing to provide Plaintiff an MRI for financial reasons.

2. All other claims are DISMISSED without prejudice for failure to state a claim for relief upon which relief may be granted.

3. Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 13) is DENIED.

4. The Clerk is instructed to terminate Laconya Harris, Aundrea Culclager, Auruyla Simpson, Jasper, and WellPath Medical Corporation as parties to this action.

5. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal of this Order would not be taken in good faith.

IT IS SO ORDERED this 20th day of January 2026.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[2] *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true when considering a motion to dismiss, the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations.").